## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET** |
| **VERSUS** | * | **NO. 19-118** |
| **TRAVIS MURRAY** | * | **SECTION: "D"** |

### DEFENDANT'S RESPONSE TO
### GOVERNMENT'S MOTION IN LIMINE

The defendant, TRAVIS MURRAY, respectfully submits this response to the United States' Motion in Limine Pursuant to Rule 104 to Admit Evidence. For the following reasons, Mr. Murray respectfully requests that the Court deny the Government's motion:

As the Court is aware, Mr. Murray was charged by indictment in the Eastern District of Louisiana on June 13, 2019 for an offense that allegedly occurred in 2004 in Japan. If he is convicted, Mr. Murray faces a potential sentence of life in prison. Mr. Murray was arraigned on June 18, 2019. A jury trial was initially set for August 19, 2019. Mr. Murray filed a motion to continue and a status conference was set on July 31, 2019. The motion to continue was granted and the case was set for trial on January 13, 2020. Following another motion to continue by the defense, the case was set for trial on June 8, 2020. R.Doc. 29.

The Government's Motion in Limine is a request for blanket rulings on the admissibility of a varied collection of evidence four months before the trial. R. Doc. 31. The Government's motion asks this Court to make the rulings in a vacuum, without the benefit of additional information or discovery, and based on the assertions of the Government, some sworn and some unsworn.

The Government seeks admission of six items of evidence now to "avoid unjustifiable expense and delay." R.Doc. 31 at 6. The Government states that it, "does not believe that a hearing is necessary. The law in the Fifth Circuit, coupled with attached sworn declarations sufficiently establishes the admissibility of the evidence." *Id.*

The evidence the Government seeks to admit now includes: (1) statements made by the alleged victim to medical staff during her examination; (2) the alleged victim's medical records; (3) U.S. Navy records pertaining to Mr. Murray's service; (4) U.S. Navy historical records; (5) a computer generated video, and (6) DNA results that purport to identify Mr. Murray as a contributor to a sample taken from the alleged victim. The admissibility determinations are premature with respect to each of the items of evidence.

Federal Rule of Evidence 104 provides that, "The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence or evidence is admissible." While the Court clearly must make rulings concerning admissibility, the rules do not dictate when those determinations must be made. Indeed, the Court should not be rushed to make determinations without being familiar with the full context of each question, "[a] reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside factual context." *Luce v. United States*, 469 U.S. 38, 40 (1984). Unless the evidence at issue is clearly inadmissible, the "better practice" is to defer evidentiary rulings until trial. *Sperberg v. Goodyear Tire & Rubber Co*., 519 F.2d 708, 712 (6th Cir. 1975). At present, this Court simply does not have enough information before it to grant the Government's sweeping requests. Accordingly, Mr. Murray requests that the Court hold evidentiary hearings with respect to the proposed evidence pursuant to Federal Rule

2

of Evidence 104 (c) or, in the alternative, make admissibility determinations at trial.

I.     **The Court Should Defer Ruling on the Admissibility of the Statements Made by the Alleged Victim to Medical Care Providers and the Alleged Victim's Medical Records.**

The Government contends that "several" statements made by the alleged victim to medical professionals should be admitted at the trial under Federal Rule of Evidence 803(4). The Government moves for admission of the statements now, without a pretrial hearing to determine their admissibility, and not during trial where the Court can determine whether an appropriate foundation has been laid. Even if the statements, or some of the statements, properly fall within a hearsay exception, there are other issues affecting admissibility which merit the Court's consideration. A hearing, or at least a contemporaneous finding on admissibility at trial, is required.

The question of whether the statements fit into a hearsay exception is not as simple as the Government contends. While statements made for the purpose of medical diagnoses are not excluded by the rule against hearsay, they are still subject to inspection by the Court prior to their admissibility. The Court must determine the relevancy of the proposed evidence in the context of the trial and determine whether it is admissible. Here, the Government argues that eight specific statements of the alleged victim should be deemed admissible now. However, statements regarding "fearing for her life" or of being "allowed to escape" are not reasonably pertinent to her treatment and diagnosis as required to meet the FRE 803(4) exception.

Furthermore, whether the statements are considered testimonial and therefore inadmissible, is a specific determination that must be made by the Court. The question

implicates a constitutional right, so it cannot merely be swept away as a non-issue. The Confrontation Clause prohibits the admission of "testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). At present, it appears that the alleged victim will appear at trial. However, if that is the case, it is unclear why the Government would attempt to elicit her statements from other witnesses, instead of having her testify herself.

Additionally, in support of the argument that the statements are non-testimonial, the Government cites to a case where a child victim's statements to a sexual assault nurse examiner were found to be non-testimonial and did not implicate the Sixth Amendment's Confrontation Clause. *United States v. Barker*, 820 F. 3d 167 (5th Cir. 2016). However, a critical detail in the *Barker* case was the age of the child, who lacked the understanding of the criminal justice system and therefore was unlikely to intend that her statements would be a substitute for trial testimony. That is not the case here, where the alleged victim was an adult woman at the time that she made the alleged statements to medical professionals. SANE nurses, like law enforcement officers, are also both first responders and criminal investigators. *Id.* at 170.  As such, the statements made to SANE nurses and doctors *are* likely to raise Confrontation Clause issues.

## II.     The Court Should Similarly Conduct an Admissibility Hearing Prior to Ruling on the Admissibility of Mr. Murray's Navy Records.

Again, the Government seeks the early admission of evidence based on the assertion that it fits into an exception to the rule against hearsay. Mr. Murray's navy records may be

admissible as public records pursuant to Federal Rule of Evidence 803(8). However, the motion to admit them under the hearsay exception is premature. The Government has not demonstrated how the navy records would be relevant or what the evidence would be offered to show.

In addition, Mr. Murray's records are inadmissible character evidence. Federal Rule of Evidence 404(b)(1) prohibits the introduction of evidence of any wrong or other act to prove a person's character in order to show that on a particular occasion the person acted in accordance with that trait. Mr. Murray was not honorably discharged from the Navy, which could prejudice the jury against him. Evidence of an other than honorable discharge is clearly prejudicial, "There can be no doubt that a military discharge on other than honorable grounds is punitive in nature, since it stigmatizes the serviceman's reputation, impedes his ability to gain employment and is in life, if not in law, prima facie evidence against the serviceman's character, patriotism or loyalty." *Stapp v. Resor*, 314 F. Supp. 475, 478 (S.D.N.Y. 1970). Even if the Court finds that records are self-authenticating public records, the Court must still make a determination about whether the evidence qualifies as impermissible character evidence under FRE 404 and whether it is more prejudicial than probative under FRE 403. Such a determination requires a hearing, or at the very least, withholding judgment until this Court is in possession of additional evidence at trial.

III.    **The Court Should Defer Ruling on the Admissibility of the U.S. Navy Historical Records**

The Government argues that the U.S. Navy Historical Records should be deemed admissible as records of regularly conducted activity under FRE 803(6). The records would be employed by the Government to, "establish that the defendant's navy ship, the U.S.S. Curtis Wilbur was in port in Yokosuka, Japan on May 26, 2004." R.Doc.31 at 12. If that is true, the records may be relevant and admissible non-hearsay. However, the admissibility determination should be made at an evidentiary hearing or during trial. As with the other items of evidence, the Government needs to lay the proper foundation for admissibility.

IV.    **The Court Should Defer Ruling on the Admissibility of the Computer Generated Crime Scene Video Until After its' Admissibility is Established by the Government in a Hearing.**

The Government seeks an early admissibility ruling on Exhibit 10, a computer-generated video, which it asserts will depict the area where the alleged offense occurred. The Government states that the video "fairly and accurately depicts the relevant locations" related to the alleged offense. However, the Government's statement that it is fair and accurate, on its own, does not establish the proper foundation for admissibility. In a case cited by the Government, *Allen v. Artus*, 2014 WL 1918721 (E.D.N.Y. 2014), the court held that, "in general, demonstrative evidence is admissible, in the court's discretion, provided that the conditions under which the demonstration is conducted are similar to those existing at the time of the incident at issue." While the agent who prepared the video may have travelled to these locations, it is unclear whether he is familiar with the locations

as they appeared in 2004. Additionally, the prosecution will have to properly authenticate the evidence and establish that the probative value of the evidence outweighs the danger of unfair prejudice. That has not been done here.

V.     **The Court Should Defer Ruling on the Admissibility of the Government's DNA Evidence.**

It appears that the Government is seeking a favorable *Daubert* ruling from the Court in the absence of a *Daubert* hearing, based on the assertions in the Government's memorandum and attached exhibits. This is insufficient for the Court to make a final and immutable determination on such a nuanced and hyper-technical issue. What is more, the *Daubert* factors are not the only issues concerning the admissibility of this evidence. Indeed, the evidence is subject to challenge based on constitutional issues regarding missing evidence, the right to present a defense and the risk of juror confusion. Mr. Murray intends to file motions in limine on at least some of these subjects. An evidentiary hearing is required for such a complicated endeavor.

Respectfully submitted, this 10th day of February, 2020.

CLAUDE J. KELLY
Federal Public Defender


/s/Maura Doherty
MAURA DOHERTY
Assistant Federal Public Defender
500 Poydras Street, Suite 318
Hale Boggs Federal Building
New Orleans, Louisiana 70130
Telephone: (504) 589-7930
Bar # 35752
Email: maura_doherty@fd.org

7

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Kathryn McHugh, Assistant United States Attorney, 650 Poydras Street, New Orleans, Louisiana 70130.

/s/Maura Doherty
MAURA DOHERTY
Assistant Federal Public Defender