# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 19-118-WBV-DMD** |
| **TRAVIS LAMONT MURRAY** | **SECTION: "D" (3)** |

## ORDER AND REASONS

Before the Court is the United States' Motion to Quash Subpoena.[1]  In the Motion, the Government seeks to quash the subpoena issued by defendant, Travis Lamont Murray, to Dr. Diana Williams, the Government's DNA expert witness, compelling Dr. Williams to appear at the September 2, 2020 suppression hearing on Defendant's Motion to Suppress DNA Evidence.[2]  The Government seeks to quash the subpoena issued to Dr. Williams on the basis that: (1) Defendant failed to put forth a factual basis to support the issuance of the subpoena;[3] and (2) Dr. Williams' testimony "is completely irrelevant to the legal issues raised by the Motion to Suppress."[4]

Defendant opposes the Motion, arguing that Dr. Williams' testimony is plainly relevant, material and useful to the issue of suppression.[5] Defendant asserts that the Government failed to mention that its opposition brief to the Motion to Suppress relied upon information provided to prosecutors by Dr. Williams, which was

---

[1] R. Doc. 104.
[2] *See* R. Doc. 47.
[3] R. Doc. 104-1 at pp. 2-3.
[4] *Id.* at pp. 2 & 4-5.
[5] R. Doc. 110.

submitted to the Court through a declaration.[6]   Defendant also points out that Dr. Williams was the individual who received and analyzed the DNA evidence from the sexual assault kit at issue in September 2005, and that she received and analyzed the oral swabs taken from Defendant 14 years later.[7]   Defendant argues, in the alternative, that the Motion to Quash is moot because the subpoena was issued under Fed. R. Crim. P. 17(b) and there will be no travel costs or witness fees for Dr. Williams, as the suppression hearing will be by videoconference and she is a government employee.[8]   Finally, Defendant asserts that under Fifth Circuit precedent, the Government is not entitled to information about a Fed. R. Crim. P. 17(b) witness, so its attempts to elicit information regarding the relevance of Dr. Williams' testimony is improper.[9]

The Court has carefully considered the parties' memoranda and arguments, as well as the applicable law.  As Defendant correctly points out, the Fifth Circuit has vested district courts with "wide discretion in determining whether subpoenas should issue under [Fed. R. Crim. P. 17(b)]."[10]   According to the Fifth Circuit, "As a threshold matter, an indigent seeking a Rule 17(b) subpoena must allege facts that, if true, demonstrate 'the necessity of the requested witness' testimony.'"[11]   The Fifth Circuit has explained that, "This [threshold] requirement makes total sense in view of the

---

[6] *Id.* at pp. 2 & 8-13 (*citing* R. Docs. 31-23 & 56).
[7] R. Doc. 110 at pp. 9-10.
[8] *Id.* at pp. 2-3 & 13-14.
[9] *Id.* at pp. 3, 6, 8, 12 (citing *United States v. Meriwether*, 486 F.2d 498, 505-06 (5th Cir. 1973).  *See* R. Doc. 110 at p. 5 n.2.
[10] *United States v. Ramirez*, 765 F.2d 438, 441 (5th Cir. 1985).  *See* R. Doc. 110 at p. 7 (quoting *United States v. Bowman*, 636 F.2d 1003, 1013 (5th Cir. 1981)).
[11] *Ramirez*, 765 F.2d at 441 (quoting *United States v. Webster*, 750 F.2d 307, 329-30 (5th Cir. 1984)).

plain language of the rule and the fact that *Rule 17 is clearly not a discovery device.*"[12] The Fifth Circuit further explained that once a defendant makes this threshold showing, "The trial court may then exercise its discretion to deny the subpoenas if the Government demonstrates that the indigent's averments are untrue, or if the requested testimony would be merely cumulative or irrelevant."[13] According to the Fifth Circuit, "It is within the district court's discretion to prevent abuse of Rule 17(b)."[14]

Here, in exercising the wide discretion entrusted to it by the Fifth Circuit, this Court found that Defendant made a threshold showing of the necessity of the subpoenaed witness' testimony and, therefore, was entitled to a Rule 17(b) subpoena.[15]  In Defendant's Motion for Issuance of Subpoenas, Defendant asserted that, "As the Court is aware from prior pleadings, the testimony of the witnesses is relevant to the issues to be resolved at the hearing on Defendant's Motion to Suppress (Rec. Doc. 47)."[16]  The Court notes that the Government did not object to the subpoena issued to Robin Kerr, or argue that the subpoena issued to Kerr was deficient based upon this assertion.  The Court further finds this assertion sufficient with respect to the subpoena requested for Dr. Diana Williams because, as Defendant points out, the Government's Opposition brief to the Motion to Suppress explicitly relies upon information provided by Dr. Williams, and cites to a declaration from Dr. Williams

---

[12] *Ramirez*, 765 F.2d at 441 (quoting *United States v. Hegwood*, 562 F.2d 946, 952 (5th Cir. 1977)) (internal quotation marks omitted) (emphasis added by *Ramirez*).
[13] *Ramirez*, 765 F.2d at 441 (quoting *Webster*, 750 F.2d at 329-30).
[14] *Ramirez*, 765 F.2d at 441.
[15] *Ramirez*, 765 F.2d at 441.
[16] R. Doc. 91 at p. 1.

that the Government previously submitted to the Court in support of another motion.[17]  Thus, at the outset, the Court believes the testimony of Dr. Williams may be relevant to the issues raised in Defendant's Motion to Suppress. [18]  The Government has not shown that the subpoena should be quashed because "defendant's averments are untrue or that the request is otherwise frivolous."[19]  As such, the Government's Motion to Quash is denied.

Further, the Court does not view Defendant's request to subpoena Dr. Williams for the September 2, 2020 suppression hearing as a "fishing expedition" or "an attempt to discover information useful to the defense in order to focus the case away from the conduct of the defendant[].[20]  Nonetheless, the subpoenas at issue do not give *either* party the right to conduct a fishing expedition, and the Court will ensure that the subpoenaed witnesses are questioned only as to issues relevant to the suppression issues raised in the parties' briefs.[21]  Any attempt to go beyond those parameters will be prohibited.

---

[17] R. Doc. 56 at p. 3 & p.3 n.4, n.5, n.6 (*citing* R. Doc. 31-23); p. 6 n.10 & n.13 (*citing* R. Doc. 31-23).
[18] *See* R. Doc. 47.
[19] *United States v. Howard*, Crim. A. No. 12-1, 2014 WL 1249512, at *1 (E.D. La. Mar. 26, 2014) (citing *Ramirez*, 765 F.2d at 441)).
[20] *Ramirez*, 765 F.2d at 441.  *See* R. Doc. 104-1 at p. 5.
[21] *See* R. Docs. 47 & 56.

Accordingly,

**IT IS HEREBY ORDERED** that the United States' Motion to Quash

Subpoena[22] is **DENIED**.

New Orleans, Louisiana, August 18, 2020.

**WENDY B. VITTER**
**United States District Judge**

---

[22] R. Doc. 104.